IOLA WISE STETSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41743.   Promulgated June 13, 1932.

*George S. Jones*, Esq., *Fred L. Van Dolsen*, Esq., and *Scott Russell*, Esq., for the petitioner.

*S. B. Anderson*, Esq., for the respondent.

**.OPINION.**

SEAWELL: The issue here presented is whether the income from the trust created by the petitioner is taxable solely to her, as determined by the respondent, or is taxable equally to her and her four stepchildren, as contended by petitioner.

The applicable law is found in section 219 (g) of the Revenue Acts of 1924 and 1926 and is as follows:

Where the grantor of a trust has, at any time during the taxable year, either alone or in conjunction with any person not a beneficiary of the trust, the power to revest in himself title to any part of the corpus of the trust, then the income of such part of the trust for such taxable year shall be included in computing the net income of the grantor.

In behalf of the petitioner it is insisted that her husband, made trustee under the trust which she created, is also a beneficiary thereunder, within the meaning of the section of the law quoted and that. if such a beneficiary, the trust was irrevocable and the respondent erred in treating it as revocable and taxing the entire income to

petitioner. The trust instrument in which the petitioner made her husband trustee provided that during his lifetime, and with his consent, she expressly reserved the right to revoke, cancel, annul, amend, alter or modify the same, in whole or in part, from time to time, by an instrument in writing, duly executed and acknowledged by both, and it was further provided therein that should her husband predecease her the trust agreement "shall be irrevocable and unalterable," but that should she predecease him he might cancel and terminate the said agreement by an instrument in writing, duly executed and acknowledged and filed with the trustee or trustees then acting and that he would then be entitled to receive absolutely as his own the corpus of the trust fund and any undistributed income. It was only upon her death occurring before his that he would be entitled to receive as a beneficiary of the trust the corpus of the trust or the undistributed income therefrom. During the taxable years involved he was not, under the terms of the trust, entitled to receive any part of the corpus or income therefrom. It is evident from the terms of the trust instrument itself that he might never become a beneficiary of the trust to the extent of ever receiving any part of either corpus or income. There was, it is true, the possibility of his becoming such a beneficiary at some indefinite time in the future and the fact that the trust instrument so provided did not make the happening of the contingency upon which he might become such beneficiary any less doubtful or the possibility of such any less remote.

It is, however, contended in behalf of the petitioner that her husband was in fact a beneficiary of the trust she created and was such during the taxable years in issue, in the sense that he received benefits therefrom, since the insurance policies on his life (which policies he had transferred to her as trustee, reserving, however, "the right to receive personally all disability benefits payable by the insurance companies" under the policies) were kept alive by the premiums thereon being paid by direction of the petitioner from the income of the trust she created. The record, however, shows that neither the trust she created nor the trust he created required that such payment of premiums should be made from the funds or income arising from the trust she created. The payment thereof in the manner made was a voluntary act on her part and whether so made was left by the terms of her trust to her discretion. Furthermore, there is no evidence in the record that he at any time received, or was entitled to receive, any disability benefits from said insurance companies, the premiums on whose policies had been paid out of income of the trust the petitioner created. It is evident from the terms of the trust

he created that he might never actually receive any disability benefits from the insurance companies and to receive such was the only interest or right he had in said policies.

In *Emma Louise Smith*, 23 B. T. A. 631, we said: "As we read the revenue statute, it has reference to a present beneficiary of a trust, not to one who has only a remote possibility of becoming a beneficiary in the future." The facts in that case and in the instant case are not identical, but the reasoning in the former is, in our opinion, applicable and controlling in the latter and we are therefore of the opinion that the petitioner's husband is not a beneficiary of the trust she created, within the meaning of the said section of the Revenue Acts of 1924 and 1926, and the trust created by her is revocable, the entire income therefrom being taxable to her, as the respondent determined.

*Judgment will be entered for the respondent.*